IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOANNE FISHER** : | |
| : | |
| **614 Duryea Street** : | |
| **Swarthmore, PA 19081** : | **CIVIL ACTION** |
| **Plaintiff** : | |
| : | **NO.** |
| : | |
| **v.** : | |
| : | **COMPLAINT** |
| **THE COUNTY OF DELAWARE,** : | |
| **PENNSYLVANIA** : | |
| : | **JURY TRIAL DEMANDED** |
| **201 West Front Street** : | |
| **Media, PA 19063** : | |
| **Defendant** : | |

### CIVIL ACTION COMPLAINT

JOANNE FISHER ("Plaintiff"), an adult female, by her undersigned counsel, brings this action against THE COUNTY OF DELAWARE ("Defendant" or "the County") alleging as follows:

### INTRODUCTION

1. The Plaintiff, JOANNE FISHER, an employee in the County's Department of Emergency Services ("DES"), brings this action against the Defendant which, as fully set forth herein, has discriminated against her on account of her sex and age. Moreover, it has retaliated against her asserting her rights in conjunction therewith. As a result, she has been relegated to suffering inferior pay and working conditions. Defendant provided favored pay, benefits, treatment and opportunities to males as well as younger employees, particularly younger females whom Tim Boyce, the Director of DES, found to be sexually attractive, exhibiting

1

illegal sexual favoritism.  As a result., the County has perpetuated and maintained  an illegal

working environment when it comes to Plaintiff.

2.   Plaintiff brings this action pursuant to federal law; namely  the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, Title VII of the Civil Rights Act of  1964

("Title VII") 42 U.S.C. § 2000e *et seq*, The Age Discrimination in Employment Act ("ADEA")

of 1967, 29 U.S.C. Secs 621 *et seq*, as well as the Equal Pay Act, 29 U.S.C.§ 206  Relief is also

sought pursuant to  the Pennsylvania Human Relations  Act, 43 P.S. § 951 *et  seq.* Plaintiff seeks

compensatory and punitive damages (where applicable)  from Defendant for its acts of

discrimination and retaliation.

## PARTIES

3.   JOANNE FISHER  is 68 year old female citizen of Pennsylvania  who resides in

Swarthmore , Pennsylvania within Delaware County, PA. She is an "employee" as defined in the

above-referenced federal and state statutes and enjoys multiple protected status thereunder given

her age and sex.

4.   Defendant, The County of Delaware, Pennsylvania is a Pennsylvania municipal

corporation with home rule powers. It is located in Media, Pennsylvania. It is an "employer"  as

defined in the above-referenced federal and state statutes.

## JURISDICTION & VENUE

5.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because this

is a civil action arising under federal law.

6.   Plaintiff  also invokes the supplemental jurisdiction of this Court over her related

claims arising under state law  pursuant to 28 U.S.C. §1367(a), all of which are so related to the

federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.   Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b) and (c) since both Plaintiff and Defendant reside and do business in the Eastern District of Pennsylvania and since the events giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

## FULLFILLMENT OF CONDITIONS PRECEDENT

8.   Plaintiff has fulfilled all conditions precedent to the institution of this action under federal and state law.  Plaintiff dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRA") on or about January 31, 2024. The EEOC assigned her charge # 530-2024-0307. The Charge as filed claims age, sex and retaliation discrimination on a continuing basis commencing in 2016 through to the present. Specifically, as set forth herein, Plaintiff has been discriminated against and  adversely impacted  as a female and older person who has been forced to work in an illegal environment as created and enforced  by her County DES Department head, Tim Boyce.

9.   Pursuant to Plaintiff's request to the EEOC made on April 18, 2024, the EEOC issued a Right to Sue letter to the Plaintiff on April 24, 2024 with respect to her charge

10. This lawsuit has been timely filed as it has been brought within ninety (90) days of the issuance of the Right to Sue letter.

## FACTS

11. Plaintiff was born on May 22, 1956 and she is  presently 68 years old, enjoying protected status under applicable state and federal civil rights laws when it comes to her sex and age.

3

12. Plaintiff has been employed by Delaware County for a total 47 years, beginning in 1974. In 1994 she moved to the Department of Emergency Services and retired in 2014 having served in positions of Office Manager and Scheduler.

13. It took Plaintiff approximately forty years of service with the County in order to make approximately $64,000 on a yearly basis.

14. Subsequent to her 2014 retirement, Plaintiff was asked by former Department of Emergency Services Director Truitt to return to work on a part-time basis.

15. Since 2016, Plaintiff has been working as a part-time employee in the position of Administrative Assistant/ Consultant for $25.50 per hour without an increase.

16. Originally contracted to work for 1,000 hours per year, Plaintiff has been cut back to 832 hours since 2021 and has been generally allowed only to work on Mondays and Tuesdays.

17. In response to Plaintiff's repeated requests for additional hours, a raise, and better working conditions, Plaintiff received only empty assurances from Department management. To date she has received nothing in the way of increased pay, increased work days or improved working conditions.

18. In addition to Plaintiff's work hours having been cut back and her lack of a raise for 8 years, she has had to endure harsher working conditions during the tenure of Director Tim Boyce. For example, she has been removed from having her own office/cubicle, being forced to share a cubicle and computer with another female, who is over the age of 70. Moreover, office policy is to have females answer the telephones. Males in similar circumstances have been paid more in terms of hourly pay and have their own offices/cubicles and computers. They are not required to answer the phones.

19. Plaintiff feels that not only has she been discriminated against in contrast to comparable males, but has also suffered and been discriminated against as a result of Mr. Boyce's well- known preference for hiring attractive young women, promoting them as a result

4

of their physical attributes and paying them considerably more than Plaintiff, all based on his sexual favoritism. Upon information and belief, Plaintiff believes that there were some younger women who were the object of Boyce's disgustingly personal sexual language, as well as even his physically accosting them, taking advantage as a result of his position. In addition to discriminating against Plaintiff on account of sex and age, he has maintained an illegal working environment that pervades the entire Department of Emergency Services.

20. An example of Plaintiff's experiencing age discrimination came this past December 4, 2023, when Boyce hired an out-of-work hairdresser, Ms. Jacqueline Ann Kahler as a "coordinator", starting at an hourly rate of $30.00, well in excess of Plaintiff's hourly rate, despite Plaintiff's qualifications, experience, and her years of service. Further, Ms. Kahler was allowed to work more days that Plaintiff was allowed to work. Shortly thereafter, in early January , 2024 Boyce promoted Ms. Kahler to a full-time position as his "executive assistant", complete with her own office and computer, conveniently located next to his office. Her starting salary was $56,000 per year, together with benefits that included health insurance and pension benefits.

21. Plaintiff became suspicious of what took place when she noticed that Ms. Kahler never returned to work after January 30, 2024. Upon information and belief, Plaintiff has learned that Ms. Kahler quit because Boyce assaulted her.

22. Upon information and belief, it was Boyce's physical and sexual preferences and sexual favoritism , together with his designs upon various female employees which motivated his hiring, promotion, and pay decisions, not individual work experience or ability.

23. Plaintiff believes that other instances of preferential hiring, promotion and pay involve Ms. Mallie Russell Bonsall, a younger former police dispatcher who purportedly now makes more than $85,000 per year, Ms. Sara Senkow who purportedly makes in excess of $75,000 per year, and Ms. Bridgette Payne.

5

24. Plaintiff believes that Boyce has given pay increases and promotions to certain female employees to keep them from complaining about his predatory practices towards women.

25. Mr. Boyce's illegal practices have rendered bogus the Department's work requirements and job descriptions. Instead it is all a matter of Mr. Boyce's male dominated department as well as his sexist personal preference for younger women which prevail in the fiefdom which his County superiors have allowed him to run.

26. Upon information and belief, supervisory employees senior to Plaintiff have long known of and witnessed his exploits and acquiesced in their having taken place, instead of reporting him and having him be dismissed.

27. By his activities and comments which have circulated through the office, as well as his sexist hiring practices favoring males and younger women, he has discriminated and retaliated against Plaintiff and has established an illegal hostile working environment for employees such as Plaintiff.

28. Plaintiff complained about her situation to two women from HR who gave a seminar on diversity sometime in September, 2023. She also repeatedly complained to superiors Boyce, Ed Beebe and Antony Mignogna. Nothing resulted other than retaliation against her.

29. As a result of Plaintiff's complaints to those named hereinabove, her Charge to the EEOC dual filed with the Pa Human Relations Commission , and otherwise standing up for herself before Boyce and other supervisory and management personnel, Plaintiff has experienced retaliation. She never received a pay increase as a result of complaining to him about her pay discrepancy. In addition, after filing her Charge she was been told by a superior that Boyce made the comment that he was considering getting rid of all part-timers, clearly targeting her. Moreover, Plaintiff has learned that Boyce waived a copy of her EEOC charge to others in the Department, mocking it. To this day, Plaintiff worries about more in the way of retaliation as she remains employed with the County.

30. It was up until his recent and long overdue April, 2024 suspension, then removal from his position, that Mr. Boyce has been allowed by the County of Delaware's governing officials to discriminate against and marginalize Plaintiff on account of her sex and age, treating men and younger female employees more favorably. To date nothing has improved with respect to Plaintiff's wages or working conditions. The inequity between male and female employees as well as inequity between older and younger employees when it came to wages and benefits was part of a custom and practice against Plaintiff at the Delaware County Department of Emergency Services.

31. Mr. Boyce has otherwise been allowed to create and maintain an illegal working environment based on sexual favoritism and age-based decisions and hostile environment in the Department of Emergency Services all to Plaintiff's disadvantage when it comes to employment, working conditions, advancement, and pay. This was part of a custom and practice against Plaintiff at the Delaware County Emergency Services Department, all of which has been contrary to applicable Civil Rights Laws.

32. Far too late, the County Council acted to initially place on leave and then subsequently fire Boyce not on their own volition or initiative , but as a reaction to media coverage and Plaintiff's lawyer's resorting (on behalf of another client) to reporting Boyce to the District Attorney of Delaware County and then to the Attorney General of Pennsylvania. This resulted in the filing of a criminal complaint against Boyce on May 16, 2024.

33. In words attributed to Mr. Boyce, he was able to "hide in plain sight" parading what he considered as his coterie of young women around and bragging about his political power. Upon information and belief, it is that political power and relationships that kept County Council and other officials from doing their duties, until they were publicly embarrassed in the media.

## COUNT I

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000 *et seq*

### SEX DISCRIMINATION, MAINTENANCE OF A HOSTILE WORK ENVIRONMENT and RETALIATION

#### Joanne Fisher v. The County of Delaware, Pa

34. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

35.   Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq. as amended by the Civil Rights Act of 1991 ("Title VII), makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

36.   Discrimination on the basis of sex that creates an abusive and hostile work environment, such that the conditions of employment are altered, is actionable under Title VII as sex discrimination. In order to establish a hostile work environment, five factual elements must be established: (1) that the employee suffered intentional discrimination because of his or her protected characteristic; (2) that the discrimination detrimentally affected him or her; (3) that the discrimination was pervasive and regular; (4) that the discrimination would detrimentally affect a reasonable person in the same position as the employee; and (5) that *respondeat superior* liability exists.

37. In the totality of circumstances described in the Facts set forth hereinbefore, when it comes to Plaintiff's treatment as opposed to males in comparable situations, or sexually favored females,  the foregoing five elements are established.

38. In addition, under Title VII, a hostile environment exists when the workplace "is permeated with discrimination, intimidation, ridicule and insult, that is sufficiently severe or pervasive to alter the conditions of  the victim's employment and create an abusive working environment. Boyce's explicit sexual advances and sexual favoritism towards other younger

8

women, a work environment that involves gender-based animosity, including sexist comments, remarks that intimidate, ridicule and maliciously demean the status of women, as well as unwanted sexual advances and favoritism, created a hostile and illegal working environment.

39.  By requiring Plaintiff to work in a sex-based hostile environment consisting of both verbal and physical abuse by Tim Boyce, Defendant has violated Plaintiff's right to work in a non-abusive, non-hostile and legal working environment.

40. Defendant is responsible for retaliating against Plaintiff as a result of her standing up for herself and her  complaints of discriminatory treatment and a hostile work environment. Moreover, Boyce retaliated against Plaintiff  as described hereinabove as a result of her filing a charge with the EEOC and the Pennsylvania Human Relations Commission

41.  Defendant  is liable for discrimination alleged herein under the doctrine of *respondeat superior* due to the actions and statements of its managers and employees.

42.  Defendant is liable for the acts of its elected County Council. management, Plaintiff's supervisors, and Plaintiff's co-workers, because it knew of the existence of a discriminatory and a hostile work environment but allowed the illegal acts and practices to continue and took no corrective action.

43.  Defendant  is liable for the acts alleged herein because its governing body, appointed Directors, supervisors, managers and employees established the  culture which encouraged age and sex discrimination, harassment and retaliation.

44.  Based upon the foregoing facts, Defendant  has discriminated against Plaintiff on the basis of her sex, retaliated against her for standing up for herself and has deprived her of her rights in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. as amended.

45.  Defendant's conduct has been intentional, deliberate, willful and were with malice or callous and reckless indifference to Plaintiff's rights protected by the United States, as well as

9

the laws of the Commonwealth of Pennsylvania. conducted in callous disregard of the rights of the Plaintiff.

46.     Defendant's policies and/or practices have produced a disparate impact against the named Plaintiff with respect to the terms and conditions of employment.

47.     By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant County of Delaware and requests an award of relief including but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss of backpay, front pay, punitive damages, reasonable attorney's fees and costs, liquidated damages and such other relief as is permitted under law and as this Court deems just and proper.

## COUNT TWO

### Discrimination  Based on Age in Violation of the Age Discrimination in Employment Act, as Amended,  29 U.S.C. § 621, et seq
### Joanne Fisher v. The County of Delaware, Pa

48. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

49. The Age Discrimination in Employment  Act of 1967 as Amended,  29 U.S.C. § 621, et seq ("ADEA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of age. At all tines complained of herein, Plaintiff was an employee in the protected age category of at least 40 years of age, pursuant to 29 U.S.C. § 621.

50. The ADEA at Section 623(a) provides that it is unlawful for an employer  "(1) … to discharge or otherwise discriminate against any individual with respect to his compensation,

terms, conditions, or privileges of employment because of such individual's age; (2) to limit, segregate or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age'"

51. As a member of the protected age category under the ADEA, Plaintiff has asked for and been denied proper job and pay accommodation and has been deprived of employment opportunities and has otherwise been adversely affected in her employment on account of her age.

52. Born on May 22, 1956 , Plaintiff is now 68 years of age.

53. Plaintiff contends that younger individuals do not experience the same difficulty in being paid and otherwise accommodated.

54. As set forth hereinabove, Tim Boyce has  marginalized Plaintiff while treating younger similarly situated employees more favorably.

55. Defendant is liable for discrimination alleged herein under the doctrine of *respondeat superior* due to the hostile work environment created by the actions of its managers, employees and agents.

56. Defendant is liable for the acts of its elected County Council, officials, managers, employees and agents, because it knew, or should have known, of Tim Boyce's proclivities when it came to age discrimination affecting Plaintiff,  permitting a hostile and illegal  work environment to exist.

57. Defendant is liable for the acts alleged herein because its elected officials, managers, employees and agents established the culture which encouraged age discrimination, harassments and retaliation, as well as other forms of discrimination.

58. Based upon the foregoing facts, Defendant has discriminated against Plaintiff on the basis of her age, retaliated against her for standing up for herself, and deprived her of her rights

11

in violation of the ADEA.

59. The described unlawful employment practices by Defendant were intentional, deliberate, willful and were with malice or reckless indifference to Plaintiff's rights protected by the laws of the United States, as well as the Commonwealth of Pennsylvania. These unlawful acts were committed because of her age.

60. The effect of the aforementioned practices has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee because of her age.

61. The age discrimination detrimentally affected Plaintiff and made her suffer emotional distress as a result of Defendant's actions which it came to her applying for job and wage accommodation. In addition, Plaintiff has suffered damages because of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits and the costs of bringing this action.

62. Moreover, as Defendant  willfully violated Plaintiff's rights under the ADEA, the result is that Defendant is  liable for liquidated damages.

WHEREFORE, Plaintiff demands judgment in her favor against Defendant and requests an award of relief including but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss of backpay, front pay, reasonable attorney's fees and costs, liquidated damages, and such other relief as is permitted under law and as this Court deems just and proper.

## COUNT THREE

### Retaliation in Violation of the Age Discrimination in Employment Act, 29 U.S.C. §§621-634.
### Joanne Fisher v. The County of Delaware, Pa

63. Plaintiff restates and realleges all previous paragraphs as though fully set forth

12

herein.

64. The Age Discrimination in Employment Act of 1967 as Amended, at 29 U.S.C. § 623 (d) ("ADEA") makes it unlawful for an employer to discriminate against any employee for his or her opposition to unlawful practices.

65. At all times complained of herein, Plaintiff was an employee in the protected age category of at least 40 years of age.

66. Plaintiff has repeatedly engaged in protected activity by complaining to Tim Boyce and other superiors about her level of pay and job accommodation.

67. On occasion, Boyce made empty assurances that the situation would improve. To date nothing has improved for Plaintiff when it comes to her pay and working conditions.

68. Plaintiff avers and believes that she has been retaliated against because of her having made the above referenced requests and for standing up for herself. .

69. Moreover, as stated hereinabove, as a result of Plaintiff's complaints, her Charge to the EEOC, and otherwise standing up for herself, Plaintiff has experience retaliation. For example, after filing her Charge, she learned that Boyce shared it with other departmental employees. Moreover, Plaintiff has been told by a superior that Boyce made the comment that he was considering getting rid of all part-timers. This would include Plaintiff and was clearly meant as a retaliatory threat.

70. As set forth hereinabove, Tim Boyce has marginalized Plaintiff while treating younger similarly situated employees more favorably.

71. Defendant is liable for retaliation alleged herein under the doctrine of *respondeat superior* due to the hostile work environment created by the actions of its managers, employees and agents.

72. Defendant is liable for the acts of its elected County Council, managers, employees and agents, because it knew, or should have known, of their proclivities when it came to age

13

discrimination towards Plaintiff and permitted a hostile work environment to exist, but did nothing about it.

73. Defendant is liable for the acts alleged herein because its elected County Council, officials, managers, employees and agents established the culture which encouraged age discrimination, harassment and retaliation, as well as other forms of discrimination.

74. Based upon the foregoing facts, Defendant has retaliated against Plaintiff for standing up for herself, and deprived her of her rights in violation of the ADEA.

75. The described unlawful employment practices of retaliation by Defendant were intentional, deliberate, willful and were with malice or reckless indifference to Plaintiff's rights protected by the laws of the United States, as well as the Commonwealth of Pennsylvania. These unlawful acts were committed because of her age and were in retaliation against her standing up for herself, in opposition to the illegal practices directed against her.

76. The effect of the aforementioned practices of retaliation has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee because of her age.

77. The retaliation has detrimentally affected Plaintiff and made her suffer emotional distress as a result of Defendant's actions which it came to her applying for job and wage accommodation. In addition, Plaintiff has suffered damages because of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits and the costs of bringing this action.

78. Moreover, as Defendant willfully violated Plaintiff's rights under the ADEA, the result is that Defendant is liable for liquidated damages.

WHEREFORE, Plaintiff demands judgment in her favor against Defendant and requests an award of relief for retaliation including but not being limited to compensatory damages, including any and all recoverable economic and noneconomic loss of backpay,

14

front pay, reasonable attorney's fees and costs, liquidated damages, and such other relief as is permitted under law and as this Court deems just and proper.

## COUNT FOUR

### VIOLATION OF EQUAL PAY ACT OF 1963

#### Discrimination and Retaliation
#### 29. U.S.C.  § 206

### Joanne Fisher v The County of Delaware

79. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

80. This claim arises under the Equal Pay Act of 1963, 29 U.S.C. § 206  which requires that men and women be given equal pay for equal work in the same establishment.

81. As set forth  hereinbefore, Plaintiff has been paid a lower rate than other males who perform jobs requiring substantially equal skill, effort and responsibility, and that are performed under similar working conditions within the same establishment.

82. Defendant has violated Plaintiff's right to work in working environment characterized by equal pay.

83.  Defendant is responsible for retaliating against Plaintiff as a result of her standing up for herself  when it came to advocating for her equal pay.
Moreover, Boyce retaliated against Plaintiff  as described hereinabove.

84.  Defendant  is liable for discrimination alleged herein under the doctrine of *respondeat superior* due to the actions and statements of its managers and employees.

85.  Defendant is liable for the acts of its elected County Council  officials,  management, Plaintiff's supervisors, and Plaintiff's co-workers, because it knew of the existence of pay discrimination  but allowed the illegal acts and practices to continue and took no corrective action.

15

86. Defendant is liable for the acts alleged herein because its governing body, appointed directors, supervisors, managers and employees established the culture which encouraged pay discrimination..

87. Based upon the foregoing facts, Defendant has discriminated against Plaintiff with respect to unequal pay.

88. Defendant's conduct has been intentional, deliberate, willful and with malice or callous and reckless indifference to Plaintiff's rights protected by the United States, as well as the laws of the Commonwealth of Pennsylvania. conducted in callous disregard of the rights of the Plaintiff.

89. Defendant's policies and/or practices have produced a disparate impact against the named Plaintiff with respect to the terms and conditions of employment.

90. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant County of Delaware and requests an award of relief including but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss of backpay, front pay, reasonable attorney's fees and costs, liquidated damages and such other relief as is permitted under law and as this Court deems just and proper.

## COUNT FIVE

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

## AGE AND SEX DISCRIMINATION IN EMPLOYMENT, CREATING A HOSTILE WORK ENVIRONMENT AND RETALIATION

### Joanne Fisher v. The County of Delaware, Pa.

91. Plaintiff restates and realleges all previous paragraphs as though fully set forth

herein.

92.    This claim arises under the Pennsylvania Human Relations Act ("PHRA"). The Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq.*, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment.

93.    Plaintiff is in a protected class because of her age and sex.

94.    Based upon the foregoing facts, Defendant has discriminated against Plaintiff on the basis of her age and sex, forced her to work in an illegal hostile environment,  and has deprived her of her rights in violation of the Pennsylvania Human Relations Act, 43 P.S. § 955 *et. seq.*

95.    As a result of such conduct by Defendant as described hereinabove, Plaintiff has suffered damages and is entitled to back pay, front pay, and compensatory damages for, among other things the consequences thereof suffered by Plaintiff as a consequence of Defendant's illegal conduct.

WHEREFORE, Plaintiff demands judgment in her favor against Defendant and requests an award of relief for retaliation including but not being limited to compensatory damages, including any and all recoverable economic and noneconomic loss of backpay, front pay, reasonable attorney's fees and costs, liquidated damages, and such other relief as is permitted under law and as this Court deems just and proper.

## JURY DEMAND

As per local Rule 48.1, the Plaintiff demands a trial by jury of eight on all issues triable by a jury.

## CERTIFICATION

I hereby certify that Plaintiff has not brought a similar or related lawsuit encompassing the claims brought in this matter.

Dated : June 13, 2024

Respectfully Submitted,

**MARK D. SCHWARTZ, ESQUIRE**

By : /s/ Mark D. Schwartz

Mark D. Schwartz , Esquire ( PA ID #30527)

300 Sandcastle Drive

Bryn Mawr, PA 19010

Telephone: 610 525-5534

Email: Markschwartz6814@gmail.com

Attorney for Plaintiff, Joanne Fisher

## VERIFICATION

I, Joanne Fisher , do hereby certify that I am the Plaintiff in the within action, and that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I do further understand that these statements are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsifications to authorities.

Dated:  6/13/2024

_____
Joanne Fisher